IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE COOPER and SARA COOPER,

                                                  ORDER

Petitioners,

                                               08-cv-399-bbc

     v.

KATHLEEN SANKEY and PLOVER TAXI,

            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action brought under the Americans with Disabilities Act. Petitioner George Cooper seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. (I refer to this petitioner only because he is the only named petitioner who signed the complaint. A party representing himself does not have the authority to represent other parties. King v. Frank, 328 F. Supp. 2d 940, 950 (W.D. Wis. 2004).) From a review of his affidavit of indigency, I conclude that petitioner is unable to prepay the $350 filing fee.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly

1

pursuant to 28 U.S.C. §1915(e)(2).

Petitioner's complaint has multiple problems. To begin with, the allegations show that he does not have standing to bring the case. The complaint includes two claims: (1) respondent Plover Taxi refused to provide service to Sara Cooper because of a previous lawsuit that petitioner and Sara filed under the ADA, in violation of 42 U.S.C. § 12203; and (2) respondent Plover Taxi's policy of requiring one day notice for a wheelchair van discriminated against Sara because nondisabled people may call for a sedan on the same day, in violation of 42 U.S.C. § 12182. Both of these claims relate to an alleged failure of Sara Cooper to obtain transportation; the complaint does not identify any injury that petitioner sustained. Because the general rule is that a party may assert his own legal rights only, Hinck v. United States, – U.S. – , 127 S. Ct. 2011, 2017 n.3 (2007), petitioner cannot maintain this case.

Although Sara Cooper has standing with respect to the first claim at least, she is not a proper party to the case because she has not signed the complaint. The complaint is signed by George Cooper only and he does not have the authority to file a complaint on someone else's behalf, even his wife's.

Sara Cooper's failure to sign the complaint is a problem that she could correct by filing an amended pleading. However, I do not encourage her to do so because even if she did, I would have to dismiss the case immediately. First, it is not clear whether even Sara

has standing to bring the claim regarding respondent Plover Taxi's policy of requiring one day notice for reserving a wheel chair van. Although the complaint is not easy to understand, petitioner does not appear to be alleging that the taxi company ever denied Sara service for failing to make arrangements far enough in advance. Rather, he appears to be complaining as a general matter that nondisabled people can obtain same-day service while disabled people must call a day earlier. This is a problem because "a litigant must demonstrate that [she] has suffered a concrete and particularized injury that is either actual or imminent." Massachusetts v. EPA, 127 S. Ct. 1438, 1453 (2007). In other words, it is not enough that Sara is unhappy with respondent's policy; she would have to show that respondent has applied the policy to her or is likely to do so in the near future.

Even if I assumed that respondent had denied Sara service under the one-day policy, this claim has another problem. The only remedies sought in the complaint are ones the statute does not allow. Petitioner requests $2,500,000 in compensatory damages and $2,500,000 in punitive damages, but an injunction is the only remedy authorized for private parties suing under the ADA for discrimination in public accommodations. 42 U.S.C. § 12188(a)(1). Money damages are not available. Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006); Powell v. National Board of Medical Examiners, 364 F.3d 79, 86 (2d Cir. 2004); Bowers v. NCAA, 346 F.3d 402, 433 (3d Cir. 2003),

Petitioner's retaliation claim under 42 U.S.C. § 12203 has the same limitation. In

Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 965 (7th Cir. 2004), the court held that "the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA." Because petitioner cannot obtain the relief he seeks for either of his claims, there would be no point to refiling them in a complaint signed by Sara Cooper.

## ORDER

IT IS ORDERED that this case is DISMISSED for petitioner George Cooper's lack of standing to bring the case. Petitioner's motion to file electronically, dkt. #3, is DENIED as moot.

Entered this 29th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4